996 F.2d 1225
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rene McINTYRE, Plaintiff-Appellant,
v.
CITY AND COUNTY OF SAN FRANCISCO; Safeway Stores, Inc.;
Western Security Bureau, Cathern (Sgt.) of Western Security
Bureau (563-5959); Safeway House Security "Lopez"; Safeway
Manager "Harvey Leong; Safeway Stores, Inc.; Tong,
Officer; Defendants-Appellees.
 No. 92-16138.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided July 1, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rene McIntyre appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action against the City and County of San Francisco, Safeway Stores and San Francisco Police Officer Tong. The action arose from an incident in which Safeway employees suspected McIntyre of shoplifting. The district court dismissed the suit for lack of jurisdiction. We affirm.
 
 BACKGROUND
 
 3
 Safeway employees observed McIntyre in a store aisle, folding a newspaper into another publication. At the time of the incident, McIntyre was employed elsewhere as a security guard. The store manager approached him and an argument ensued. An employee called police and Officer Tong responded. After admonishing McIntyre, Officer Tong confiscated his security badge, firearm permit, guard card and mace cannister, then released him.
 
 
 4
 In his complaint, McIntyre alleged that Safeway employees wrongfully detained him as a shoplifting suspect. He also contended that Officer Tong wrote a false police report and gave it to McIntyre's employer. He maintained that he lost his security guard job as a result of the police report.
 
 
 5
 In separate orders, the district court dismissed the claims against the defendants for lack of subject matter jurisdiction.
 
 DISCUSSION
 
 6
 We review de novo the existence of subject matter jurisdiction. Reebok Int'l, Ltd. v. Marnatech Enterprises, Inc., 970 F.2d 552, 554 (9th Cir.1992). The district court's factual findings on jurisdictional issues must be accepted unless clearly erroneous. Id.
 
 1. Safeway Stores
 
 7
 A private entity is ordinarily not liable under § 1983 unless there was joint activity with state officials. Collins v. Womancare, 878 F.2d 1145, 1155 (9th Cir.1989), cert. denied, 493 U.S. 1056 (1990). Absent a substantial cooperative or concerted effort between private parties and law enforcement officials, no private § 1983 liability exists. Id.
 
 
 8
 The record reveals no evidence suggesting that Officer Tong acted in concert with the Safeway employees. The employees detained McIntyre on suspicion of shoplifting and Officer Tong was merely the responding officer. McIntyre's bare allegations of conspiracy and collusion are insufficient to demonstrate any joint action.
 
 
 9
 Because McIntyre did not demonstrate that Safeway acted jointly with state officials, it cannot be liable under § 1983. The court correctly dismissed the action against Safeway for lack of federal subject matter jurisdiction.
 
 
 10
 The court also did not err in dismissing McIntyre's pendent state claims, which it interpreted as actions for false arrest and defamation. Tong did not arrest McIntyre; the officer released him after an admonition. McIntyre's bare allegations of conspiracy did not demonstrate that Safeway was responsible for Officer Tong's police report. Finally, the record reveals that Safeway employees had probable cause to suspect McIntyre was concealing merchandise in an effort to steal. Under California's shopkeeper's privilege, the detention was permissible. See Cal.Penal Code § 490.5(f)(6).
 
 2. Officer Tong
 
 11
 The court interpreted McIntyre's far-reaching complaint about Officer Tong and the police report as an action for defamation. Reputation, by itself, is not a liberty or property interest actionable under § 1983. Paul v. Davis, 424 U.S. 693, 703 (1976). A plaintiff may, however, maintain a § 1983 claim for defamation if he alleges a "recognizable property or liberty interest in conjunction with the allegation of injury to reputation." Cooper v. Dupnick, 924 F.2d 1520, 1532 (9th Cir.1991), rev'd on other grounds, 963 F.2d 1220 (9th Cir.) (en banc), cert. denied, 113 S.Ct. 407 (1992). This requirement may be met by alleging either deprivation of federal constitutional rights or denial of a state-created property or liberty interest. Id. at 1532 n. 22.
 
 
 12
 McIntyre attempted to allege a protectable property interest in his employment. Accordingly, he had to demonstrate a "legitimate claim of entitlement" to employment under state law. Board of Regents v. Roth, 408 U.S. 564, 577 (1972).
 
 
 13
 The district court was unable to determine whether McIntyre had a property interest in his employment protectable under California law. His complaint did not provide sufficient details about his job. The court gave McIntyre ample opportunity to amend the complaint, directing him to provide more details as to his employment status. Yet in his third amended complaint, McIntyre provided no more factual support. After trying to assist McIntyre, the court dismissed his claim for lack of jurisdiction. It also dismissed the pendent state law claims because of the same factual deficiencies in McIntyre's complaint.
 
 
 14
 The court did not err. McIntyre never provided sufficient details for the court to determine that it had jurisdiction. Although we give the pro se plaintiff wider latitude in alleging a cause of action, at some point he has to meet the law's requirements.
 
 3. City and County of San Francisco
 
 15
 McIntyre's claims against the City and County of San Francisco were properly dismissed, for the reasons just explained, to the extent they alleged an action for defamation.
 
 
 16
 McIntyre also asserted that city officials denied him due process in confiscating his property and in not filing criminal complaints against the Safeway employees. The court correctly dismissed for failure to state a claim. The complaint as amended did not allege that these actions represented the execution of official policy or that they were taken or ratified by an official with final policy-making authority. Consequently, no municipal liability could be established under § 1983. See Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 (1978); Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir.1992).
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3